**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **ANTONIO R. SYNIGAL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-4540** |
| **JEFFERSON PARISH CORRECTIONAL CENTER – INMATE BANKING, ET AL.** | **SECTION: "C"(3)** |

**REPORT AND RECOMMENDATION**

Plaintiff, Antonio R. Synigal, a state prisoner, filed this *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 against the Jefferson Parish Correctional Center Inmate Banking, the Property Room, "Legal Aid Lawyer Robinson," and unidentified deputies. In this lawsuit, plaintiff complains that not all of his personal property was returned to him when he was transferred to a different facility. As relief, he requests only return of his property or information on where it is currently stored.

This Court is statutorily mandated to "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –

>  (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>  (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).[1]

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
>  (i) is frivolous or malicious;
>  (ii) fails to state a claim on which relief may be granted; or
>  (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

The Court has broad discretion in determining the frivolous nature of the complaint. Cay v. Estelle, 789 F.2d 318, 325 (5th Cir. 1986), modified on other grounds, Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993). In making that determination, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994). Thus, a complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994); Booker, 2 F.3d at 115 & n.6.

---

[1] "[T]he term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c).

2

Broadly reading plaintiff's complaint,[2] the Court finds that his complaint lacks any arguable basis in law and should be dismissed as frivolous and for otherwise failing to state a claim on which relief may be granted.[3]

As noted, plaintiff claims in this lawsuit that not all of his personal property was returned to him when he was transferred from the Jefferson Parish Correctional Center to the Elayn Hunt Correctional Center. Such claims may not be pursued in federal court. In Parratt v. Taylor, 451 U.S. 527 (1981), the United States Supreme Court held that where a state actor, through his random and unauthorized actions, *negligently* deprives a prisoner of his property, there is no due process violation *if* the state provides an adequate postdeprivation remedy. In Hudson v. Palmer, 468 U.S. 517 (1984), the Supreme Court extended that holding to *intentional* deprivations of property. In Daniels v. Williams, 474 U.S. 327, 330-31 (1986), the Supreme Court then overruled Parratt in part, holding that merely negligent deprivations of property simply do not implicate the Due Process Clause at all.

It is unclear whether plaintiff is contending that he was deprived of his property through either negligent actions or intentional actions. "Ultimately, however, it is of no consequence whether [a prisoner] alleges a deprivation of property by negligence or intent; in neither instance

---

[2] The court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

[3] It unnecessary to hold a Spears hearing or to allow plaintiff an opportunity to amend his complaint because he has alleged his best case and the underlying defect in this case cannot be cured by an amendment. See Jones v. Greninger, 188 F.3d 322, 327 (5th Cir. 1999); see also Juarez v. Short, 84 Fed. App'x 420, 424 (5th Cir. 2003). Any amendment would be futile because plaintiff simply is not entitled to relief in this federal forum for the reasons set forth in this opinion.

does he state a valid § 1983 action for deprivation of property." Geiger v. Jowers, 404 F.3d 371, 374 (5th Cir. 2005). If plaintiff is claiming negligence, his claim is barred by Daniels. If he is claiming intentional conduct, the claim is barred by Hudson, in that Louisiana law clearly provides him with an adequate postdeprivation remedy, i.e. a tort suit brought in state court. Marshall v. Norwood, 741 F.2d 761, 764 (5th Cir. 1984); Bennett v. Louisiana Department of Public Safety and Corrections, 61 Fed. App'x 919 (5th 2003); Arnold v. Inmate Accounts, 48 Fed. App'x 105 (5th Cir. 2002). Accordingly, he may not pursue his claim for deprivation of personal property in this federal forum. Rather, if he wishes to pursue this matter, he should do so in state court.

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's federal civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1), but without prejudice to his asserting his state law claims in an appropriate state court forum.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this twenty-seventh day of September, 2006.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**